## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL BERRY III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:20CV1626 HEA** |
| | ) | |
| **21ST CIRCUIT COURT OF ST. LOUIS** | ) | |
| **COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Paul Berry III's First Amended

Motion for Temporary Restraining Order and Preliminary Injunction, [Doc. No. 3].

For the following reasons, the Motion will be denied without a hearing.

### Facts and Background

Complaint

On November 7, 2011,  Plaintiff Paul Berry III ("Berry") filed a *pro se*

Complaint against Defendants 21st Circuit Court of St. Louis County (the "St.

Louis County Circuit Court"), Missouri Court of Appeals of the Eastern District

(the "State Court of Appeals"), and Board of Election Commissioners of St. Louis

County (the "Board of Election Commissioners"). Berry asserts that subject matter

jurisdiction is satisfied under 28 U.S.C. § 1331 because the First and Fourteenth

Amendments to the United States Constitution are at issue in his Complaint.

For the statement of his claim, Berry alleges the following injury:

[Berry,] as a pro se litigant, has been denied reasonable and
meaningful access to have heard an emergency temporary restraining
order pending before the 21st Circuit Court of the State of Missouri
and the Eastern District of Missouri failed to establish reasonable and
meaningful procedures available to plaintiff to superintend by Writ of
Mandamus the failure by the 21st Circuit Court of the State of
Missouri to provide Plaintiff reasonable and meaningful access to
have heard an emergency temporary restraining order by the 21st
Circuit Court of the State of Missouri.

Berry also alleges that he has a right to "reasonable and meaningful access to the

Missouri civil court system, including requesting an emergency hearing on

temporary restraining orders." Berry further alleges that the St. Louis County

Circuit Court and the State Court of Appeals "maintain court procedures that do

not provide reasonable and/or meaningful access to file emergency petitions to pro

se litigants, including … temporary restraining orders or appellate emergency

writs." Berry also alleges that:

The aforementioned actions by the 21st Circuit Court of the State of
Missouri will cause Plaintiff to lose the opportunity to further petition
the 21st Circuit Court of the State of Missouri for the . . . relief
Plaintiff seeks before the 21st Circuit Court of the State of Missouri
because without the requested temporary restraining orders, Plaintiff's
claim will assumably (sic) be dismissed as moot.

Motion for Temporary Restraining Order and Preliminary Injunction

In his First Amended Motion for Temporary Restraining Order and Preliminary Injunction, Berry seeks a temporary restraining order ("TRO") and a preliminary injunction prohibiting the Board of Election Commissioners from executing the final certification of the election results of the 2020 St. Louis County Executive general election under 115.507 RSMo "until final adjudication of the underlying petition by this Court." The Motion then reads:

> Entry of such relief is appropriate in this case because Plaintiff is likely to succeed on the merits, there is ongoing irreparable harm to the Plaintiff, the ongoing harm to Plaintiff absent an injunction outweighs any harm an injunction has caused to Defendants, and the issuance of an injunction is in the public interest.

> The factual basis supporting this relief is contained in the Verified Amended Complaint filed herewith.

Berry then requests that this Court issue two[1] TROs: (1) prohibiting the St. Louis County Circuit Court from taking "any further action in cause number 20SL-CC05565 until further order of this Court;" and (2) prohibiting the Board of Election Commissioners from certifying the election results of the 2020 St. Louis County Executive general election "until further order of this Court."

Attachments filed with the Motion

As noted above, Berry asserts in his motion that "[t]he factual basis supporting this relief is contained in the Verified Amended Complaint filed herewith." Berry filed with his Motion an 84-page Attachment. This Attachment

---

[1] Although Plaintiff Berry listed three requests for TROs in his Motion, two of those are substantively identical requests for a TRO against the Board of Election Commissioners.

begins with an untitled and uncaptioned 25-page document that contains a prayer for relief and a jurat; assumedly, this document is the "Amended Verified Complaint" to which the Motion refers. The Amended Verified Complaint begins with a section titled "Introduction," and the enumerated paragraphs that follow contain allegations regarding Sam Page's ("Page") inclusion as a candidate for St. Louis County Executive on the 2020 general election ballot. Berry alleges that Page did not file certain required personal disclosure forms with the relevant authorities to be included as a nominee for St. Louis County Executive. He then alleges that the St. Louis County Counselor and/or Missouri Ethics Commission has the duty to remove any candidate who did not file the required disclosures, and alleges that there is no process or private right of action by which an individual St. Louis County voter (namely, Berry) can seek removal of a candidate for failure to file disclosure forms. Berry alleges that the Missouri Ethics Commission claims that removing a candidate for failure to file required forms is outside its legal authority, that such authority lies with the St. Louis County Counselor, and that neither the Missouri Ethics Commission nor the St. Louis County Counselor removed Page as a candidate, denying Berry relief as a St. Louis County voter. Berry then alleges that the Board of Election Commissioners' unofficial publication and pending certification of "illegitimate election results" is in violation of state law.

The Amended Verified Complaint then includes requests for relief against the St. Louis County Counselor, or in the alternative the Missouri Ethics Commission,[2] as well as against the Board of Election Commissioners.

The next section heading reads "Factual Allegations Applicable to All Counts." This includes a statement that the "1st and 14th Amendments to the United States Constitution and/or 28 U.S.C. § 1654 provides that state courts must provide all litigants, including pro se litigants, reasonable and meaningful access to state civil courts to file suit and be heard," and the allegation that the St. Louis County Circuit Court and State Court of Appeals have failed to provide Berry an opportunity to be heard on "an emergency and writ relief on the matter further states (sic) in this statement of facts." The following enumerated paragraphs state Missouri laws and St. Louis County ordinances regarding financial disclosures that are required to be filed by certain candidates for elected office, namely, candidates for St. Louis County Executive. These statements culminate in allegations that Page's most recent required disclosure statements "are each void of specific and required financial disclosure information," do not bear a date stamp from the St. Louis County Clerk, do not cover the proper dates, does not contain certain information about Page's anesthesiology business, and does not identify Page's wife and son as being employed by companies that transact business with St. Louis

---

[2] Plaintiff has not sought to add defendants outside of the three named in the original Complaint.

County. Following these allegations, Berry makes several allegations based on various state statutes that St. Louis County Counselor Beth Orwick, or in the alternative, the Missouri Ethics Commission, failed to remove Page from the ballot.

Berry then states his desired relief of a writ of mandamus, preliminary and permanent injunction, and declaratory judgment against the St. Louis County Counselor or, in the alternative, the Missouri Ethics Commission. He concludes that:

> 56. Without immediately issuing the requested [relief] against the Board of Election Commissioners of St. Louis County prohibiting the certification of the vote results . . . prior to this Court's adjudication of the underlying facts and complaint, and enforcement by Plaintiff of the same, may cause the requested relief Plaintiff seeks from this Court to become time-barred and moot.

> 57. The Plaintiff is entitled to require the Twenty-first Circuit Court of the State of Missouri and Missouri Court of Appeals of the Eastern District to hear Plaintiff's request for relief in the aforementioned matters.

The remaining 60 pages of the attachment to the Motion are marked as exhibits and include documents apparently from Berry's state court action, including his Motion for Ex Parte Restraining Order, Motion to Shorten Time, First Amended Suggestions in Support of Plaintiff's Motion for Ex Parte Temporary Restraining Order, and copies of the St. Louis County Resolution and Page's disclosure documents referenced in the Amended Verified Complaint.

## Discussion

Berry seeks an immediate, *ex parte* TRO, that is, without written or oral notice to the adverse party or their attorney. Under Rule 65(b), granting an *ex parte* temporary restraining order is only justified if it clearly appears from specific facts shown in the verified complaint that "immediate and irreparable injury, loss, or damage will result." "*Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (internal citation omitted). The United States Supreme Court has recognized that a temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997).

Here, Berry has failed to carry the burden of persuasion. Berry has alleged Constitutional injuries arising from his inability to access the state courts as a *pro se* litigant, specifically, his inability to have heard a motion for a temporary restraining order and a writ of mandamus. However, he has provided nothing more than conclusory assertions in support of these alleged injuries. Rather, the factual allegations he puts forth deal with the wrongful inclusion of Sam Page as a

candidate for St. Louis County Executive. These factual allegations in no way inform this Court of the deprivation of access to the state courts which Berry claims he faced. For example, Berry provides no allegations about his attempts to have his actions heard before those courts. He does not allege any actions taken by the St. Louis County Circuit Court or the State Court of Appeals to deny his access. He does not allege any state statutes or rules of those courts which prevent his access. Berry's only allegation about being deprived of reasonable and meaningful access to the state courts is his conclusory statement to that effect. This conclusory assertion is wholly insufficient to meet the "clear showing" of "specific facts" of an "immediate and irreparable injury, loss, or damage" as required for this Court to issue an *ex parte* TRO. Plaintiff Berry is not entitled to an *ex parte* restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Motion for Temporary Restraining Order and Preliminary Injunction, [Doc. No. 3], is **DENIED**.

Dated this 19th day of November, 2020.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE